# United States District Court
## WESTERN DISTRICT OF MICHIGAN

**UNITED STATES OF AMERICA**
v.
**SHAWNDALE TATE**

**ORDER OF DETENTION PENDING REVOCATION HEARING**

Case Number: **1:05-CR-271**

In accordance with the Bail Reform Act, 18 U.S.C.§3142(f), a detention hearing has been held. I conclude that the following facts require the detention of the defendant pending revocation hearing in this case.

## Part I – Findings of Fact

☐ (1) The defendant is charged with an offense described in 18 U.S.C. §3142(f)(1) and has been convicted of a (federal offense) (state or local offense that would have been a federal offense if a circumstance giving rise to federal jurisdiction had existed) that is

☐ a crime of violence as defined in 18 U.S.C.§3156(a)(4).

☐ an offense for which the maximum sentence is life imprisonment or death.

☐ an offense for which the maximum term of imprisonment of ten years or more is prescribed in _____

☐ a felony that was committed after the defendant had been convicted of two or more prior federal offenses described in 18 U.S.C.§3142(f)(1)(A)-(C), or comparable state or local offenses.

☐ (2) The offense described in finding (1) was committed while the defendant was on release pending trial for a federal, state or local offense.

☐ (3) A period of not more than five years has elapsed since the (date of conviction) (release of the defendant from imprisonment) for the offense described in finding (1).

☐ (4) Findings Nos. (1), (2) and (3) establish a rebuttable presumption that no condition or combination of conditions will reasonably assure the safety of (an)other person(s) and the community. I further find that the defendant has not rebutted this presumption.

### Alternate Findings (A)

☐ (1) There is probable cause to believe that the defendant has committed an offense

☐ for which a maximum term of imprisonment of ten years or more is prescribed in _____

☐ under 18 U.S.C.§924(c).

☐ (2) The defendant has not rebutted the presumption established by finding 1 that no condition or combination of conditions will reasonably assure the appearance of the defendant as required and the safety of the community.

### Alternate Findings (B)

☒ (1) There is a serious risk that the defendant will not appear.

☒ (2) There is a serious risk that the defendant will endanger the safety of another person or the community.

Defendant is 26 years old, but at the time of his sentencing on the underlying charge of being a felon in possession of a firearm in 2006, defendant had already amassed a criminal history that put him in Category V. His substance abuse with marijuana and alcohol goes back to his early teen years, which he states he engaged in in order to forget his personal struggles and home life. Both of his parents have extensive criminal histories, although he did have a stepfather who was a positive role mode. By his own (continued on attachment)

## Part II – Written Statement of Reasons for Detention

Defendant has failed to show by clear and convincing evidence that he is not a risk to the community generally, or to the potential witness in this case. Defendant has simply shown no inclination, or desire, to conform his behavior to a management standard that would permit this court to place its trust in him.

## Part III – Directions Regarding Detention

The defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility. The defendant shall be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility shall deliver the defendant to the United States marshal for the purpose of an appearance in connection with a court proceeding.

Dated: November 30, 2011

/s/ Hugh W. Brenneman, Jr.
*Signature of Judicial Officer*

Hugh W. Brenneman, Jr., United States Magistrate Judge
*Name and Title of Judicial Officer*

*Insert as applicable: (a) Controlled Substances Act (21 U.S.C. §801 *et seq.* ); (b) Controlled Substances Import and Export Act (21 U.S.C. §951 *et seq.* ); or (c) Section 1 of Act of Sept. 15, 1980 (21 U.S.C. §955a).

United States v. Shawndale Tate
1:05-CR-271
**ORDER OF DETENTION PENDING REVOCATION HEARING**
Page 2.

**Alternate Findings (B) -** (continued)

admission (and his presentence report), defendant dropped out of school and sold drugs to support his family; he admitted he became "addicted" to the streets. He joined a gang in Muskegon. The numerous adjudications, convictions and other criminal conduct are too extensive to even be summarized, but are all contained in the court's presentence report. Suffice it to say, the behavior includes a substantial amount of assaultive behavior, often against women. At the conclusion of the presentence investigation, the probation office made the following comment:

> "Mr. Tate has exhibited a pattern of criminality that exists to his preteen years. Contact with police and the courts have been frequent and consistent. Sentences imposed appear to have had little or no deterrent value, and his behavior under court supervision has been non-compliant. The likelihood of recidivism is significant."

In the present instance, an impact hearing was held before the court on October 27, 2011. It is alleged that less than a month later (and two months after being placed on supervised release), defendant forcibly entered a home in Muskegon, Michigan, by breaking open the front door, and then assaulted a female (by slapping her head with an open hand) who was 5 months pregnant with defendant's child.